Case 3:24-cv-00166   Document 22   Filed on 06/30/25 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
June 30, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| JAMES HALE, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:24-cv-00166 |
| | § | |
| STATE FARM LLOYDS, | § | |
| | § | |
| Defendant. | § | |

## OPINION AND ORDER

Pending before me is a motion for summary judgment filed by Defendant State Farm Lloyds. *See* Dkts. 14–15. Having reviewed the briefing, the record, and the applicable law, I grant the motion.

## BACKGROUND

This case arises out of an insurance coverage dispute between Plaintiff James Hale and his insurer, State Farm. Hale submitted a claim for roof damage to his home (the "Property") that he alleges resulted from a hailstorm occurring on June 8, 2023. State Farm investigated the claim and determined the roof damage was attributable to a manufacturing defect in the shingles, along with wear and tear and deterioration—causes excluded under his insurance policy with State Farm (the "Policy"). Based on two separate inspections, State Farm estimated damages of less than the $10,509 Policy deductible and declined payment. Hale filed suit in Texas state court, asserting claims for breach of contract and extra-contractual liability under the Texas Insurance Code and Deceptive Trade Practices Act ("DTPA"). State Farm removed the suit to federal court and now moves for summary judgment.

## SUMMARY JUDGMENT STANDARD

"Summary judgment is proper when there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law." *Coleman v.*

*United States*, 912 F.3d 824, 828 (5th Cir. 2019); *see also* FED. R. CIV. P. 56(a). A fact issue is material only "if its resolution could affect the outcome of the action." *Wyatt v. Hunt Plywood Co.*, 297 F.3d 405, 409 (5th Cir. 2002). "A factual dispute is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Beck v. Somerset Techs., Inc.*, 882 F.2d 993, 996 (5th Cir. 1989). In determining whether a fact issue exists, I "view the facts and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Com. & Indus. Ins. Co. v. Grinnell Corp.*, 280 F.3d 566, 570 (5th Cir. 2002). I "must consider all of the evidence in the record, but [I] do not make credibility determinations or weigh the evidence." *Austin v. Will-Burt Co.*, 361 F.3d 862, 866 (5th Cir. 2004).

"Summary judgment should be granted where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *In re Deepwater Horizon*, 48 F.4th 378, 382 (5th Cir. 2022) (quotation omitted). "The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim." *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Id.* (quotation omitted). When a party "fails to properly address another party's assertion of fact . . . , the court may . . . consider the fact undisputed for purposes of the motion" and "grant summary judgment if the motion and supporting materials—including the facts considered undisputed— show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(2)–(3).

## ANALYSIS

The operative pleading is Plaintiff's Original Petition. *See* Dkt. 1-3 at 2–14. Hale asserts four claims against State Farm: (1) breach of contract; (2) violations of the DTPA and related statutes; (3) violations of the Texas Insurance Code; and (4) breach of the common law duty of good faith and fair dealing. For Hale to

prevail on any of his extra-contractual claims, Hale must first prevail on his breach of contract claim.[1] *See USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 500 (Tex. 2018) ("When an insured seeks to recover damages that are predicated on, flow from, or stem from policy benefits, the general rule applies and precludes recovery unless the policy entitles the insured to those benefits." (quotation omitted)). Accordingly, I begin (and end) by examining whether State Farm is entitled to summary judgment on Hale's breach of contract claim.

"In Texas, '[t]he essential elements of a breach of contract claim are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach.'" *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 418 (5th Cir. 2009) (quoting *Aguiar v. Segal*, 167 S.W.3d 443, 450 (Tex. App.—Houston [14th Dist.] 2005, pet. denied)). "Texas law clearly states that for an insurance company to be liable for a breach of its duty to satisfy a claim presented by its insured, the insured must prove that its claim falls within the insuring agreement of the policy." *Data Specialties, Inc. v. Transcon. Ins. Co.*, 125 F.3d 909, 911 (5th Cir. 1997).

"Under the doctrine of concurrent causes, when covered and non-covered perils combine to create a loss, the insured is entitled to recover that portion of the damage caused solely by the covered peril." *Tex. Windstorm Ins. Ass'n v. Dickinson Indep. Sch. Dist.*, 561 S.W.3d 263, 273 (Tex. App.—Houston [14th Dist.] 2018, pet. denied).

> This doctrine is not an affirmative defense or an avoidance issue; instead, it is a rule embodying the basic principle that insureds are not

---

[1] *See* Dkt. 1-3 at 6–7 (Hale argues that State Farm violated the DTPA "[b]y representing that State Farm would pay the entire amount needed (minus the Policy deductible) by Plaintiff to repair the damages caused by the storm event and then not doing so."); *id.* at 9–10 ("State Farm has violated Section 542.055–542.058 of . . . the Texas Insurance Code in its failure to adhere to the statutorily-prescribed deadlines in the handling, adjustment and payment of insurance claims."); *id.* at 11 ("State Farm has breached its common law duty of good faith and fair dealing by underpaying Plaintiff's claim, inadequately adjusting Plaintiff's claim and failing to conduct a reasonable investigation.").

> entitled to recover under their insurance policies unless they prove the damage is covered by the policy. The insured must present some evidence upon which the jury can rely to attribute the alleged damages to the covered peril. Because the insured can recover only for covered events, the burden of segregating the damage attributable solely to the covered event is a coverage issue for which the insured carries the burden of proof. Failure to segregate covered and non-covered perils is fatal to recovery.

*Id.* (citation modified).

State Farm offers two reasons it is entitled to summary judgment on Hale's breach of contract claim. First, State Farm argues there is no evidence of wind and hail damage during the policy period. This argument is unpersuasive. Hale's testimony that he personally observed hail on June 8, 2023, creates a genuine dispute of material fact as to whether there is evidence of wind and hail damage during the policy period. *See* Dkt. 20 at 17.

Second, State Farm contends that "[e]ven if [Hale] could present some evidence of wind and hail damage during the policy period," his breach of contract "claim still fails [under the doctrine of concurrent causes] because he cannot segregate the portion of Property damage that may be related to wind and/or hail damage versus the portion of the damage that is not covered—that is, the manufacturing defect." Dkt. 14 at 16. This argument carries the day.

It is undisputed that the Policy does not cover defective materials, design, workmanship, or maintenance. *See* Dkt. 14-1 at 49. State Farm has submitted expert testimony from Jordan Beckner, PE, RRC, that "the shingles at the subject Hale residence were not hail damaged, but suffering from manufacturing spot defects coupled with age-related deterioration." Dkt. 14-3 at 31. In his response brief, Hale indicates that he "intends to offer oral testimony from [his] roofing contractor to refute the assessment of State Farm's expert witness." Dkt. 18 at 4. But Hale does not tender deposition testimony or an affidavit from his roofing contractor—or any other competent summary judgment evidence—to rebut Beckner's testimony. Hale "cannot satisfy [his summary judgment] burden merely by denying [that there was a manufacturing defect]" or promising to offer

countervailing evidence at trial. *Donaghey v. Ocean Drilling & Expl. Co.*, 974 F.2d 646, 649 (5th Cir. 1992). Because Hale fails to properly address State Farm's assertion that the shingles on Hale's roof were defective from age and a manufacturing defect, I consider that fact undisputed for purposes of State Farm's summary judgment motion. *See* Fed. R. Civ. P. 56(e)(2).

Because it is undisputed for the purposes of State Farm's summary judgment motion that the shingles on Hale's roof were defective, Hale "must attempt to segregate the loss caused by the [hail] from the loss caused by the [defects]." *Allison v. Fire Ins. Exch.*, 98 S.W.3d 227, 259 (Tex. App.—Austin 2002), *review granted, judgment vacated, and remanded by agreement sub nom. Fire Ins. Exch. v. Ballard*, No. 03-0312, 2004 WL 7352503 (Tex. Mar. 26, 2004). Hale claims he need not segregate damages because State Farm's argument about a manufacturing defect "merely serves as a distraction to avoid State Farm's failure to properly adjust [Hale]'s claim." Dkt. 18 at 3. Hale is incorrect.

It is true that where "a jury could reasonably find that all of [Hale]'s loss comes from a covered cause, the concurrent causation doctrine does not bar recovery." *Advanced Indicator & Mfg., Inc. v. Acadia Ins. Co.*, 50 F.4th 469, 477 (5th Cir. 2022). But Hale cannot rely on this exception to the concurrent causation doctrine because he failed to rebut Beckner's testimony that the shingles on Hale's roof were defective. Because it is undisputed for the purposes of State Farm's summary judgment motion that the shingles on Hale's roof were defective, it is also undisputed that "covered and non-covered perils combined to cause the loss of the roof, and [Hale] is entitled to recover only that portion of the damage caused solely by the covered peril." *All Saints Cath. Church v. United Nat'l Ins. Co.*, 257 S.W.3d 800, 804 (Tex. App.—Dallas 2008, no pet.). In other words, the concurrent causation doctrine applies, and Hale must offer some evidence to segregate the hail damage from the defective shingles to prevail on his breach of contract claim.

Hale has merely put forth evidence that a covered peril—hail—occurred on June 8, 2023, the alleged date of loss. *See* Dkt. 20 at 16. But observing hail on the

date of loss does not suggest that hail caused *all* the damage. Nor is Hale aided by the fact that his contractor estimated "a total roof replacement." Dkt. 14-2 at 3. "The [P]olicy obligates [State Farm] to indemnify [Hale]—not for the costs of a roof—but for the cost to repair, rebuild or replace damaged property, including property damaged by hail and *excluding property damaged by wear and tear and latent defects*." *All Saints*, 257 S.W.3d at 803 (emphasis added). Yet Hale offers no evidence with which a jury could conceivably segregate the loss attributable to hail damage from the loss attributable to the defective shingles. Hale's "failure to segregate . . . damage resulting from covered and noncovered perils is fatal to [his] recovery." *Kelly v. Travelers Lloyds of Tex. Ins. Co.*, No. 14-05-00825, 2007 WL 527911, at *7 (Tex. App.—Houston [14th Dist.] Feb. 22, 2007, no pet.) (affirming trial court's summary judgment in insurer's favor). Because Hale "falls short of meeting [his] burden [to segregate covered and non-covered perils], [State Farm] is entitled to summary judgment." *Certain Underwriters at Lloyd's of London v. Lowen Valley View, L.L.C.*, 892 F.3d 167, 170 (5th Cir. 2018).

Because Hale's extra-contractual claims "stem from the denial of [his] claim for policy benefits," State Farm is also entitled to summary judgment on Hale's extra-contractual claims. *Menchaca*, 545 S.W.3d at 500 (quotation omitted).

## CONCLUSION

For the reasons discussed above, State Farm's Motion for Summary Judgment (Dkt. 15) is granted.

A final judgment will issue separately.

SIGNED this 30th day of June, 2025.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE